Plaintiff was the successful bidder on the purchase of two cranes under a Defense Surplus Sales contract. A dispute arose as to the Government’s obligation concerning the switching of railroad cars between the location of the cranes and the tracks of a railroad without the necessity of first cutting the crane bridges into transportable pieces. Plaintiff unsuccessfully applied, through the office of the Comptroller General, for rescission of the contract and restitution of its bid deposit. Thereafter, the contract was terminated for default, the Government withholding a sum from plaintiff’s deposit as liquidated damages. Plaintiff did not administratively appeal the default termination. Plaintiff seeks here to recover the amount withheld plus interest. This case comes before the court on defendant’s motion to dismiss the petition, having been submitted to the court on the briefs of the parties and oral argument of counsel. Upon consideration thereof, the court concludes that defendant’s course of action — including referring plaintiff to the General Accounting Office for relief, failing to terminate for default until after the Comptroller General had acted, and the General Accounting Office’s referring of plaintiff to the courts for redress — constituted an effective waiver of the Government’s contractual right to have the propriety of a default termination reviewed *1020 by the Board of Contract Appeals. See Nager Electric Co. v. United States, 184 Ct. Cl. 390, 396 F. 2d 977 (1968); Air-A-Plane Corp. v. United States, 187 Ct. Cl. 269, 282, 408 F. 2d 1030, 1037 (1969); Hegeman-Harris & Co. v. United States, 194 Ct. Cl. 574, 580, 440 F. 2d 1009, 1011 (1971). On November 17, 1972, by order, the court denied defendant’s motion and returned the case to the trial commissioner for further appropriate proceedings.