**TENNESSEE VALLEY AUTHORITY,**
**Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORP., Defendant.**

Civ. A. No. 75–0679–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 8, 1977.

Herbert S. Sanger, Jr., General Counsel, Tennessee Valley Authority; Charles W. Van Beke, Asst. Gen. Counsel; James J. Friedberg; and Robert E. Washburn, Knoxville, Tenn., for plaintiff.

William R. Jentes, Kirkland & Ellis, Chicago, Ill., John S. Battle, Jr., McGuire, Woods & Battle, Richmond, Va., Robert F. Pugliese, Westinghouse Elec. Corp., Pittsburgh, Pa., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Tennessee Valley Authority (TVA), brings this action against the defendant, Westinghouse Electric Corporation (Westinghouse), for an alleged breach of contract. The plaintiff seeks injunctive, declaratory and monetary relief. Jurisdiction is alleged pursuant to 28 U.S.C. § 1345. This action was originally filed in the United States District Court for the Eastern District of Tennessee and subsequently transferred to this Court by an Order of the Judicial Panel on Multidistrict Litigation. *In re Westinghouse Electric Corporation Uranium Contracts Litigation,* 405 F.Supp. 316 (Jud.Pan.Mult.Lit.1975).

The instant matter comes before the Court on the defendant's motion to (1) enjoin TVA from pursuing administrative remedies initiated August 3, 1976 under a clause of an alleged contract; (2) modify the Court's Order of February 3, 1976; and the plaintiff's motion to vacate the Court's Order of October 12, 1976 granting leave to Westinghouse to amend its answer. The issues have been briefed and argued by counsel and are ripe for disposition.

Westinghouse is alleged to have entered into contracts with a number of utility companies, including TVA, to supply uranium to be used as fuel in various nuclear power plants. These lawsuits were precipitated by a notice sent by Westinghouse on September 8, 1975 to the utilities stating that the uranium contracts were no longer "commercially practicable" due to unforeseen developments in the world uranium market and, therefore, Westinghouse would not be able to fully perform under those contracts. The plaintiff thereafter filed this action which, as heretofore noted, was transferred to this Court in December of 1975.

TVA's complaint, in part, involves the extent, if any, of the defendant's obligation to supply uranium to be used in Sequoyah Unit 2 (Sequoyah Fuel Contract). This contract contains a "Disputes Clause" which requires any dispute arising under the contract to be resolved by TVA's Contracting Officer. A limited appeal is available under the clause in issue.[1] Also relevant to the instant motions is the Court's Order of February 3, 1976. That order, consented to by TVA, requires Westinghouse to deliver specified quantities of uranium to TVA "in accordance with the respective contracts or agreements alleged to exist with [TVA] at times and prices specified in each contract or agreement . . .."

Westinghouse has taken the position that under its contract with TVA, it is required to supply uranium only if the delivery date of this uranium is on or before September 1, 1977. It is further alleged that under the contract the scheduled date of delivery is linked to the fuel loading date which, in turn, is dependent upon the completion of construction of Sequoyah Unit 2.[2] Prior to May 27, 1976, the scheduled delivery date, consistent with plant construction, was August 31, 1977. Thus, under the defendant's interpretation of the contract, it was obligated to supply the uranium. By letter dated May 27, 1976, TVA advised the United States Nuclear Regulatory Commission that Sequoyah Unit 2 was experiencing construction delays and, therefore, the scheduled fuel loading date would be postponed until July of 1978. Thus, according to Westinghouse, the scheduled delivery date of the uranium under the contract would be pushed back until April or May of 1978. As the scheduled delivery date now falls beyond the September 1, 1977 deadline, Westinghouse submits that it is relieved of its obligation to supply uranium under the contract.

Westinghouse advanced this position to TVA's Contracting Officer by a letter dated July 27, 1976. Needless to say, TVA does not share the defendant's view as to its obligations. Acting pursuant to the Disputes Clause of the contract, the Contracting Officer determined that TVA—not Westinghouse—had the right to set the scheduled delivery date and that such date had been fixed at August 31, 1977. Westinghouse filed an appeal to preserve its

1. The Disputes Clause reads as follows:
   Any dispute arising under the contract, whether before or after completion of performance, shall be decided by the Contracting Officer on the basis of the contract file and any other facts which he may deem pertinent. The Contracting Officer shall reduce his decision to writing and promptly mail or otherwise furnish a copy thereof to the Contractor. Within thirty (30) calendar days from the receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to TVA's General Manager. After the filing of such an appeal, the General Manager or a representative or representatives designated by him shall conduct a hearing at which both TVA and the Contractor shall be afforded an opportunity to be heard and to offer evidence relating to the dispute. The General Manager or his representative or representatives shall arrive at a decision upon the basis of the evidence presented at the hearing.
   The decision of the General Manager or his representative or representatives shall be final and conclusive upon the parties except on questions of law or unless determined by a court of competent jurisdiction to have been fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence; provided, that until such time as an appeal is taken to the General Manager and he (or his representative or representatives) renders a decision, the decision of the Contracting Officer shall govern the respective rights and obligations of the parties as to the matter in dispute and the Contractor shall proceed diligently with the performance of the contract in accordance with said decision; and provided further, that if no appeal to the General Manager is made within the time and in the manner prescribed above, the decision of the Contracting Officer shall be final and conclusive upon the parties.

2. After plant construction has been completed, the first fuel (the initial core) can be loaded into the reactor. The first nuclear reaction (initial criticality necessarily occurs after fuel loading. Thus, a change in plant construction affects the dates of fuel loading and the initial criticality. Westinghouse alleges that under the contract the scheduled delivery date of the initial core to be 90 days prior to the initial criticality.

rights under the contract and then filed this motion to enjoin further administrative proceedings.

■ TVA maintains that this Court has no jurisdiction over the dispute concerning the scheduled delivery date for the Sequoyah Fuel Contract until the defendant has exhausted its administrative remedies available under the Disputes Clause. It is well settled that such a clause is valid and, where applicable, precludes judicial intervention into a controversy prior to the exhaustion of the appeal provisions of the contract. *See S & E Contractors v. United States,* 406 U.S. 1, 8–9, 92 S.Ct. 1411, 31 L.Ed.2d 658 (1972); *Crown Coat Front Co. v. United States,* 386 U.S. 503, 512, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967); *United States v. Bianchi & Co.,* 373 U.S. 709, 713, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963); *United States v. Joseph A. Holpuch Co.,* 328 U.S. 234, 239, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946); *United States v. Blair,* 321 U.S. 730, 736, 64 S.Ct. 820, 88 L.Ed. 1039 (1944).

■■ Rights secured under a contract, however, may be waived by the parties. *Universal Fiberglass Corp. v. United States,* 537 F.2d 393, 397 (Ct.Cl.1976); *John C. Kohler Co. v. United States,* 498 F.2d 1360, 1365, 204 Ct.Cl. 777 (1974); *Kenneth Reed Construction Corp. v. United States,* 475 F.2d 583, 590, 201 Ct.Cl. 282 (1973). Specifically, a government agency may waive its rights under a disputes clause. *See, e. g., Edward Levy Metals, Inc.,* 199 Ct.Cl. 1019 (1972); *Hegeman-Harris & Co. v. United States,* 440 F.2d 1009, 1011, 194 Ct.Cl. 574 (1971); *Nager Electric Co. v. United States,* 396 F.2d 977, 981, 184 Ct.Cl. 390 (1968).

■ A waiver of the right to have an issue resolved pursuant to a disputes claim may be explicit as in *Hegeman-Harris & Co. v. United States, supra,* or implied by the agency's conduct as in *Edward Levy Metals, Inc., supra* and *Nager Electric Co. v. United States, supra.* While these cases are not factually identical to the one at bar, they establish, in the Court's view, that the government's selection of a judicial forum constitutes a waiver of the right to invoke the disputes clause.

■ The Court concludes, for the reasons which follow, that TVA has waived its right to invoke the Disputes Clause as to controversies going to the extent of Westinghouse's obligation to supply uranium under the Sequoyah Fuel Contract. By its amended complaint, TVA requested "the Court to declare that *any* disputes arising under the contracts . . . be decided by the Contracting Officer under the 'Disputes Clause' Westinghouse contract with TVA." [3] (Emphasis added). This requested declaration is not, by its terms, limited to controversies in existence at the time of the filing of the complaint. On the contra, it explicitly refers to *any* controversies arising under the contract. This places before the Court in these proceedings the issue of the applicability of the Disputes Clause to any claim arising under the Sequoyah Fuel Contract which goes to the nature and extent,

---

**3.** An amended request for declaration was particularly concerned with a defense asserted by Westinghouse under the *Delays and Remedies* Clause. The pertinent provision states, in part:

Westinghouse's claim excuses for nonperformance of the contract which arises under the provisions of the *"Delays and Remedies"* Clause (paragraph 9 of the general conditions) to each of its contracts with TVA. To the extent that the validity and existence of such excuses are disputed and Westinghouse is not estopped from raising them, the *"Delays and Remedies"* Clause of each contract provides that "any dispute under this provision shall be decided as provided in the general condition entitled '*Disputes,*'" which is quoted in paragraph 31, *supra.*
WHEREFORE, plaintiff demands

1. In the event Westinghouse is not estopped from raising them, the Court declares that any disputes arising under the contracts, including disputed claims under the *Delays and Remedies* Clause raised by Westinghouse, be decided by the Contracting Officer under the "Disputes" Clause of Westinghouse's contracts with TVA.
2. That TVA have such other and different relief as the Court may deem just and proper, together with its costs.
The Court discerns little difference between the dispute arising under the *Delays and Remedies* Clause and that stemming from the alleged construction delays and its effect on the scheduled delivery date. The plaintiff's requested declaration, moreover, covers "any dispute arising under the contract."

if any, of Westinghouse's obligation to supply uranium. Having selected a judicial forum in which to present this issue, TVA cannot now attempt to invoke the Disputes Clause. *Cf. Edward Levy Metals, Inc., supra; Nager Electric Co. v. United States, supra.*

■ The Court's Order of February 3, 1976, to which TVA consented, obligates Westinghouse to supply quantities of uranium "in accordance with respective contracts or agreements alleged to exist . . . ." The Court must adjudicate claims pertaining to the parties' obligations under such contracts to the end that the February 3, 1976 Order be effectuated. It is undoubtedly true, as TVA contends, that such a construction of the scope of the issues in this case may require the Court to concern itself with disputes having a tenuous relationship with the issues presented in the other consolidated actions. The Judicial Panel was also cognizant of this possibility. The Judicial Panel noted, however, that "while we recognize that these actions involve some individual questions of fact pertaining to each utility's contractual relationship with Westinghouse, we are persuaded that sufficient commonality of factual issues exist to warrant transfer and that *the most just and efficient conduct of these actions can best be achieved through centralized management by a single judge.*" *In re Westinghouse Electric Corporation Uranium Contracts Litigation, supra,* 405 F.Supp. at 319. (Emphasis added).

Centralized management by a single judge would be greatly impaired if, as TVA proposes, issues, as alleged by Westinghouse, pertaining to the very existence of the defendant's obligation to supply uranium were to be splintered and decided in an administrative forum. Accordingly, TVA will be enjoined from proceeding further under the Disputes Clause. The Court is satisfied that justice will best be served by precluding the fragmentation of the issues in this case.

■ Westinghouse moved the Court to modify a portion of its February 3, 1976 Order so as to prevent scheduled deliveries to TVA. This motion is premised upon the argument, as heretofore referred, that it is no longer obligated to supply TVA uranium. The Court finds no merit to this motion. Whether Westinghouse has been relieved from its contractual obligations to supply uranium to TVA because of construction delays differs in no meaningful respect from the other issues presented in this consolidated litigation involving other utilities. The February 3, 1976 Order establishes the delivery schedule upon which the utilities could rely regardless of the various claims and defenses asserted by the parties. The Court has no intention of disrupting the Order which was the product of delicate negotiations by the parties.

■ Finally, TVA moves the Court to vacate the October 12, 1976 Order in which the Court granted Westinghouse leave to file an amended answer so as to include its contention, heretofore referred to, pertaining to the Sequoyah Fuel Contract. Consistent with this Memorandum, TVA's motion will be denied.

An appropriate order will issue.